**SO ORDERED.**
**SIGNED this 25th day of July, 2018**

/s/ Suzanne H. Bauknight
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

MARY L. BREWINGTON

Debtor

Case No. 3:18-bk-31615-SHB
Chapter 13

### MEMORANDUM AND ORDER

On July 18, 2018, the Court held a hearing on (1) the Motion by Chapter 13 Trustee to Dismiss Case With Prejudice ("Motion to Dismiss") filed by Gwendolyn M. Kerney, Chapter 13 Trustee, on June 26, 2018 [Doc. 17], asking the Court to dismiss this bankruptcy case with prejudice and to impose a bar against Debtor re-filing any bankruptcy cases, under any chapter, for a period of 180 days; and (2) the Court's Order entered on June 15, 2018 [Doc. 15], directing Debtor to appear and show cause why this Chapter 13 bankruptcy case should not be dismissed because she (a) did not file the Certification of Credit Counseling; Statement Regarding Payment Advices; Schedules A/B through J; Summary of Assets and Liabilities and Statistical Information; Declaration About Schedules; Statement of Financial Affairs; Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (Form 122C-1); and/or Chapter 13 Plan

as required by 11 U.S.C. § 521(a)(1) and Rule 1007(b) and (c) of the Federal Rules of Bankruptcy Procedure and as directed by the Notice of Additional Documents to Be Filed dated May 31, 2018, which required the delinquent documents to be filed within fourteen days of the petition date (i.e., by June 12, 2018); (b) did not pay the $232.50 balance of the filing fee as directed by the Court in an Order entered on June 1, 2018 [Doc. 8]; (c) did not appear for a show cause hearing held on April 4, 2018, in Case No. 3:18-bk-30622-SHB, as directed by an Order entered on March 8, 2018; and (d) filed this Chapter 13 bankruptcy case notwithstanding that Case No. 3:18-bk-30622-SHB was dismissed when she did not appear for court and because her Chapter 7 bankruptcy case has not been fully administered.

Debtor did not file a response to any of the foregoing, nor did she appear to respond or otherwise defend the Motion to Dismiss or the Court's Order.

## I. FINDINGS OF FACT

The record reflects the following undisputed facts.  The Chapter 13 Trustee's Motion to Dismiss is grounded on multiple bankruptcy cases – a total of six – filed by Debtor since June 2016.  The histories of the five prior cases are summarized as follows:

    A. Case No. 3:16-bk-31849-SHB was filed by and through counsel on June 15, 2016, and dismissed October 6, 2016, on the Chapter 13 Trustee's motion to dismiss for pre-confirmation plan arrearages of $3,590.00.  The Trustee's Final Report reflects that $1,640.77 was received and paid as administrative claims.

    B. Case No. 3:16-bk-33213-SHB was filed by and through counsel on October 31, 2016, and dismissed January 26, 2017, on the Chapter 13 Trustee's objection to confirmation based on good faith, feasibility, disposable income, and unfair discrimination.  The Trustee's Final Report reflects that $1,840.00 was received and paid as administrative claims.

C.  Case No. 3:17-bk-30374-SHB was filed by and through counsel on February 14, 2017, and dismissed March 23, 2017, on the Chapter 13 Trustee's certification that a plan payment was not made within thirty days after the case was filed.  The Trustee's Final Report reflects that $0.00 was received and disbursed.  None of the $310.00 filing fee was paid.

D.  Case No. 3:17-bk-31404-SHB was filed by and through new counsel on May 4, 2017, and Debtor received a Chapter 7 discharge on August 25, 2017.  On August 24, 2017, the Chapter 7 Trustee filed a Notice of Assets.  The Chapter 7 Trustee has not filed a Notice of No Distribution and/or Abandonment and the estate has not been fully administered.

E.  Case No. 3:18-bk-30622-SHB was filed *pro se* on March 7, 2018, and dismissed on April 4, 2018, for Debtor's failure to appear at the hearing set by the Court's Order entered on March 8, 2018, directing Debtor to appear and show cause why the case should not be dismissed because Debtor's Chapter 7 case remained pending and had not been fully administered.  The Trustee's Final Report reflects that $0.00 was received and disbursed.  Debtor also failed to file a certification that she obtained the required pre-petition credit counseling briefing, statements and schedules, a Chapter 13 plan, the Chapter 13 means test calculation, payment advices, or a summary of assets and liabilities and statistical information.  Debtor also did not pay the $310.00 filing fee.

Debtor, once again acting *pro se*, filed this bankruptcy case on May 29, 2018.  She did not file a certification that she obtained the required pre-petition credit counseling briefing, statements and schedules, a Chapter 13 plan, the Chapter 13 means test calculation, payment advices, or a summary of assets and liabilities and statistical information.  Additionally, because she did not pay the filing fee in her prior case, the Application to Pay the Filing Fee in Installments filed by Debtor on May 29, 2018, was denied by an Order entered June 1, 2018 [Doc. 8], and she was directed to

pay the $232.50 balance of the $310.00 filing fee no later than June 12, 2018. To date, the balance of the filing fee has not been paid. Furthermore, Debtor's Chapter 7 bankruptcy case has not been fully administered and remains pending.

## II.  CONCLUSIONS OF LAW

Under § 1325(a)(3) and (7), debtors are required to file and proceed in their cases in good faith, and likewise, to propose their plans in good faith, with an almost identical standard as cases concerning good faith and dismissal under § 1307(c). *In re Hall*, 346 B.R. 420, 426 (Bankr. W.D. Ky. 2006). Whether a debtor has filed in bad faith requires examination of the totality of the circumstances and is based on past and present circumstances. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Surety Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 738 (6th Cir. 1994); *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E.D. Tenn. 2002).

In making the good faith determination, courts generally focus on the following factors:

> (1) the debtor's income; (2) the debtor's living expenses[;] (3) the debtor's attorney fees; (4) the expected duration of the Chapter 13 plan; (5) the sincerity with which the debtor has petitioned for relief under Chapter 13; (6) the debtor's potential for future earning; (7) any special circumstances the debtor may be subject to, such as unusually high medical expenses; (8) the frequency with which the debtor has sought relief before in bankruptcy; (9) the circumstances under which the debt was incurred; (10) the amount of payment offered by debtor as indicative of the debtor's sincerity to repay the debt; (11) the burden which administration would place on the trustee; and (12) the statutorily-mandated policy that bankruptcy provisions be construed liberally in favor of the debtor.

*Soc'y Nat'l Bank v. Barrett (In re Barrett)*, 964 F.2d 588, 592 (6th Cir. 1992). Other relevant factors include "the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt[,] and whether any inaccuracies are an attempt to mislead the court[.]" *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 859 (6th Cir. 1988) (citation omitted). Courts also look to the following:

>the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Alt v. United States (In re Alt)*, 305 F.3d 413, 419 (6th Cir. 2002) (citation omitted). Weighing these factors ─ "which 'may circumstantially reflect the debtor's motivation, and ultimately his "good faith,"' in seeking relief under chapter 13" ─ assists courts in determining whether "the debtor's purpose in filing for chapter 13 relief is consistent with the underlying purpose and spirit of chapter 13 – i.e., financial 'rehabilitation through repayment of debt' – [and if] the filing is likely in good faith." *Condon v. Brady (In re Condon)*, 358 B.R. 317, 326 (B.A.P. 6th Cir. 2007) (internal citations omitted).

Although courts must find that imposition of a sanction "be commensurate with the egregiousness of the conduct," the purpose of adding § 109(g) was to address abuse of the system including "the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security interest." *In re Cline*, 474 B.R. 789 (Table), No. 11-8075, 2012 WL 1957935, at *7 (B.A.P. 6th Cir. June 1, 2012) (citations omitted). "While multiple filings are not, in and of themselves, improper or indicative of bad faith, a history of multiple filings and dismissals may be construed as bad faith." *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 735 (B.A.P. 6th Cir. 2010) (citing *In re Glenn*, 288 B.R. at 520). Further, if there is sufficient cause, courts have the authority under §§ 105(a) and 349(a) to sanction abusive debtors with a prohibition against filing for more than the 180 days set forth in § 109(g)(1). *Id.* at 737; *see also In re Henderson*, No. 12-50376, 2012 WL 4498887, at *1–2 (Bankr. S.D. Ohio May 4, 2012) (stating that while "only egregious behavior that demonstrates bad faith and prejudices creditors will

warrant a permanent bar from refiling," a debtor who had filed four prior Chapter 13 cases that had been dismissed and had received discharges in two Chapter 7 cases was a serial filer whose bankruptcy cases "had the effect of staying creditor's [sic] attempts to collect what they [were] owed repeatedly for almost two decades," resulting in her being permanently enjoined from filing another case or receiving a discharge of the debts scheduled in that case).

Debtor here has a history of multiple filings and dismissals based on her failure to comply with the requirements of 11 U.S.C. §§ 109(h) and 521(a), the directives of Rule 1007 of the Federal Rules of Bankruptcy Procedure to file documents, the filing fee provisions of 28 U.S.C. § 1930, and the orders of this Court concerning deficiencies and multiple cases pending at the same time. Most recently, Debtor did not appear and show cause as ordered by the Court in the June 15 Order, nor did she appear and defend or otherwise respond to the Chapter 13 Trustee's Motion to Dismiss, even though each expressly referenced imposition of a 180-day bar on refiling.

For the foregoing reasons, constituting the Court's findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure, applicable to contested matters by virtue of Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Court directs the following:

1. The Motion by Chapter 13 Trustee to Dismiss Case With Prejudice filed by the Chapter 13 Trustee on June 26, 2018, is GRANTED.

2. This Chapter 13 bankruptcy case is DISMISSED.

3. Debtor Mary L. Brewington is BARRED from filing another bankruptcy petition under any chapter of Title 11 of the United States Code for a period of 180 days from the date of entry of this Order.

###